UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XAVIER JOSEPH NAMPIAPARAMPIL, | 25-CV-1346 (JPO) |
| Plaintiff, | |
| -v- | ORDER |
| NEW YORK CITY CAMPAIGN FINANCE BOARD, *et al.*, | |
| Defendants. | |

J. PAUL OETKEN, District Judge:

This action commenced on February 14, 2025, when Plaintiff Xavier Joseph

Nampiaparampil, proceeding *pro se*, sued Defendants New York City Campaign Finance Board

("CFB"), New York City Department of Sanitation Enforcement Division, City of New York,

and the General Counsel of the CFB for statutory and constitutional claims relating to various

campaign-finance and sanitation enforcement actions.  (*See* ECF No. 1.)  As Plaintiff notes in his

amended complaint (*see* ECF No. 4 ¶ 14), the Judicial Panel on Multidistrict Litigation (the

"JPML") has ordered a hearing set for March 27, 2025 to consider whether to consolidate two

related cases under the Multidistrict Litigation Statute, 28 U.S.C. § 1407.  (*See In re Mary &*

*Devi Nampiaparampil Litig.*, MDL No. 3146 ("MDL 3146"), ECF No. 14.)  Submissions of

related (or "tag-along") actions are due in that proceeding no later than March 20, 2025.  (*See*

MDL 3146, ECF No. 13.)  On February 19, 2025, the two *pro se* plaintiffs in the actions already

under consideration for consolidation informed the JPML of this action as a "related case" and

requested it also be considered for consolidation.  (*See* MDL 3146, ECF Nos. 15, 16.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to

control the disposition of causes on its docket with economy of time and effort for itself, for

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681 (1997) (same).  In determining whether to grant such a stay, district courts consider "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Youngbloods v. BMG Music*, No. 07-CV-2394, 2011 WL 43510 (S.D.N.Y. Jan. 6, 2011) (quoting *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)).  "The power to stay proceedings can be exercised *sua sponte*." *Off-White LLC v. AEUNZN*, No. 21-CV-9613, 2023 WL 199483, at *1 (S.D.N.Y. Jan. 17, 2023) (quotation marks omitted).

"[W]here a multi-district litigation proceeding has been established, courts have routinely stayed motions pending rulings by the JPML." *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013).  This case is even more straightforward, since Plaintiff apparently seeks MDL consolidation, there are no pending motions, and Defendants have yet to appear.  Therefore, the private interests weigh in favor of a stay, no burden will fall to Defendants, and the interests of the courts and the public compel waiting to avoid duplicative judicial proceedings.  *See Royal Park Invs.*, 941 F. Supp. 2d at 371-74.

Accordingly, this action is hereby STAYED pending the JPML's final order regarding consolidation in MDL No. 3146.

SO ORDERED.

Dated: February 24, 2025
       New York, New York

_____
           J. PAUL OETKEN
       United States District Judge