UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XAVIER JOSEPH
NAMPIAPARAMPIL,
                  Plaintiff,

-v-

NEW YORK CITY CAMPAIGN
FINANCE BOARD, *et al.*,
                  Defendants.

25-CV-1346 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On April 23, 2025, Plaintiff, having paid the filing fees to commence this action and proceeding *pro se*, filed a motion seeking clarification regarding the scheduling of conferences and deadlines in this case, as well as what he calls "procedural irregularities." (ECF No. 15.)

1. The Clerk of Court is directed to issue summonses as to Defendants New York City Campaign Finance Board, New York City Department of Sanitation Enforcement Division, the City of New York, and Joseph Gallagher. Plaintiff is directed to serve the summons and complaint on each Defendant within 90 days of the issuance of the summons.[1] If within those 90 days, Plaintiff has not either served Defendants or requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

2. The scheduled initial conference is pursuant to Federal Rule of Civil Procedure 16. (ECF No. 13.) No discovery schedule or pretrial order has yet issued.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, this action was stayed. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

3. Plaintiff's concerns about a "Lawyer Ban" go to the merits of this case which are not yet ripe for the Court's review. Plaintiff may, of course, seek emergency or preliminary relief by complying with the procedural requirements of Federal Rule of Civil Procedure 65. *See also Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). Improper or frivolous requests may be summarily denied.

4. The ECF docket reflects that Plaintiff has consented to electronic service. (ECF No. 7.) Future issues with the ECF system should be directed to the ECF Help Desk at (212) 805-0800.

5. The initial pretrial conference currently set for June 24, 2025 will take place as scheduled so long as Defendants have appeared before that time. Any party may make a timely motion for adjournment of the conference, not less than two business days before the conference, stating the basis for the request and whether every other party consents. The Court notes, also, that references to the merits made by the Judicial Panel on Multidistrict Litigation ("JPML") are not binding on this Court. *See In re Mary & Devi Nampiaparampil Litig.*, --- F. Supp. 3d ---, ---, No. 3146, 2025 WL 1037498, at *1 (J.P.M.L. Apr. 3, 2025) ("It is well established that Section 1407 does not grant the Panel the authority to decide questions going to the merits of a case.").

Plaintiff filed an additional letter on April 24, 2025 reiterating that he does have access to the ECF system, contending that Defendants have actual notice of this case due to their

participation in argument before the JPML, and seeking clarification on the District Judge assigned to this case. (ECF No. 16.) The presiding judge in this case is District Judge J. Paul Oetken. Magistrate Judge Robert W. Lehrburger is designated to handle matters referred to him in this case by Judge Oetken. No such matters have yet been referred. Plaintiff further requests "that the Court clarify the current service protocol, confirm that ECF service is not yet operative in this case, and recognize that all of the Defendants had actual notice via personal service, mail, and/ or email as of February 20, 2025." (*Id.*). Those requests are denied.

Any remaining issues may be raised at the initial pretrial conference or by letter motion seeking specific relief. Though this action may not be proceeding at the rate Plaintiff desires (and, to be clear, his complaints of delay sound in days, not weeks), the Court observes no "procedural irregularities" prejudicing his rights, especially as he has not moved for any emergency or temporary relief. Not every slight delay is a conspiracy, and not every effort by Defendants to safeguard their own procedural rights is bad-faith manipulation.

The Clerk of Court is directed to issues summonses as specified in Paragraph 1, *supra*, and to close the motion at ECF No. 15.

SO ORDERED.

Dated: April 25, 2025
       New York, New York

_____
J. PAUL OETKEN
United States District Judge