UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

XAVIER JOSEPH
NAMPIAPARAMPIL,
                    Plaintiff,

          -v-

NEW YORK CITY CAMPAIGN
FINANCE BOARD, *et al.*,
                    Defendants.

25-CV-1346 (JPO)

ORDER DENYING RECUSAL

---

J. PAUL OETKEN, District Judge:

    On April 28, 2025, *pro se* plaintiff Xavier Joseph Nampiaparampil moved for the recusal of the Honorable J. Paul Oetken, United States District Judge, pursuant to 28 U.S.C. § 455(a). (ECF No. 18.) That provision requires a federal judge "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Other members of Plaintiff's family, also proceeding *pro se*, have all filed similar motions in cases concerning related subject matter. (*See* S.D.N.Y. Case No. 23-CV-6391, ECF No. 117; E.D.N.Y. Case No. 24-CV-5605, ECF No. 14.) Here, none of Plaintiff's arguments warrant recusal.

    First, the MDL docket reflects that the Judicial Panel on Multidistrict Litigation ("JPML") considered this case along with the others in declining to consolidate the cases into an MDL Proceeding. (*See In re Mary & Devi Nampiarampil Litig.*, MDL No. 3146 ("MDL No. 3146"), ECF Nos. 17 (JPML's notice of this case "for inclusion in this proposed MDL"), 21-22 (parties' briefing whether events in the Southern District of New York proceedings, including this case, further warranted consolidation), 25 (JPML order declining to consolidate for reasons unrelated to the progress of service in this case).) Plaintiff does not show how he was otherwise prejudiced by the timing of the issuance of summonses, because the summonses did ultimately

1

issue after the stay was lifted, the time to serve was extended by the Court, and Plaintiff did not move for emergency relief in the meantime. This matter, including the service deadline, was stayed because of the pending motion for MDL consolidation. It had nothing to do with this Court's view of the merits of this case. Nor has any other action by the Court reflected a "minimization" of Plaintiff's claims.

Plaintiff raises various other theories, such as that New York City has strategically "embedd[ed] judges, defense lawyers, and agency officials inside the same social and professional networks without meaningful conflict disclosures." (ECF No. 18. at 6-7, 12.) "Plaintiff's claim . . . fails to bear any semblance of a 'deep-seated favoritism or antagonism that would make fair judgment impossible,' which is required for recusal based on bias." *Lynch v. Dep't of Educ. of City of N.Y.*, --- F. Supp. 3d ---, ---, No. 24-CV-7795, 2025 WL 7366564, at *3 (E.D.N.Y. Mar. 7, 2025) (Marutollo, Mag J.) (quoting *DeMartino v. N.Y. State Dep't of Lab.*, 167 F. Supp. 3d 342, 352 (E.D.N.Y. 2016)). "In fact, the parties have yet to appear for a hearing before the Court, and the undersigned's most recent orders largely set deadlines and hearings." *Id.* As Plaintiff presents no basis to reasonably question the Court's impartiality, and because "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is," *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988), the motion for recusal is denied.

The Clerk of Court is directed to terminate the motion at ECF No. 18.

SO ORDERED.

Dated: May 20, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge