UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

XAVIER JOSEPH
NAMPIAPARAMPIL,

                    Plaintiff,

         -v-

NEW YORK CITY CAMPAIGN
FINANCE BOARD, *et al.*,

                    Defendants.

25-CV-1346 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

    On July 11, 2025, Plaintiff Xavier Joseph Nampiaparampil filed a letter on the docket, "ask[ing] the Court to answer" a question about whether he can access legal counsel "without fear of economic penalties" due to the restrictions imposed upon political campaign operatives by the New York City Campaign Finance Board ("CFB"). (ECF No. 28 at 1.) Federal courts are bound by the confines of Article III of the United States Constitution, which extends the courts' jurisdiction only to "cases" and "controversies." U.S. Const. art. III. As the Supreme Court has explained: "Under Article III, federal courts do not adjudicate hypothetical or abstract disputes. Federal courts do not possess a roving commission to publicly opine on every legal question. Federal courts do not exercise general legal oversight of the Legislative and Executive Branches, or of private entities. And federal courts do not issue advisory opinions." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423-24 (2021). Nampiaparampil is essentially asking the Court for legal advice, and the Court lacks jurisdiction to issue such an advisory opinion.

    To the extent that Nampiaparampil is looking for *pro bono* support, the Court can recommend that he reach out to the *Pro Se* Law Clinic. The *Pro Se* Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and,

1

among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the *Pro Se* Intake Unit). To make an appointment, Nampiaparampil must complete the City Bar Justice Center's intake form, accessible online at https://cbjcoi.legalserver.org/modules/matter/extern_intake.php?pid=126&h=305b29&state_uuid=8cac0a84-7f77-11ef-8ef4-0e887f6053d2&f=366&d_id=1.

If Nampiaparampil has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10am to 4pm. Appointments are also available remotely Monday through Friday, 10am to 4pm.

Finally, Nampiaparampil asks the Court for an "extension of the July 30 deadline to serve the Summons" due to recent health issues and hospitalizations he has faced. (ECF No. 28 at 5.) Federal Rule of Civil Procedure 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant." However, district courts have "discretion" to grant extensions of this 90-day period "even in the absence of good cause." *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007). Because Nampiaparampil, who so far has been proceeding *pro se*, has been hospitalized multiple times since he commenced this lawsuit (*see* ECF No. 28 at 5), the Court determines that an extension of service is merited.

Nampiaparampil is thus granted an additional 30 days to serve Defendants. However, he is cautioned that the Court will not grant further extensions of time for service absent compelling circumstances.

SO ORDERED.

Dated: July 24, 2025
       New York, New York

                                              J. PAUL OETKEN
                                              United States District Judge