UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XAVIER JOSEPH NAMPIAPARAMPIL,
Plaintiff,

-v-

NEW YORK CITY CAMPAIGN FINANCE BOARD, *et al.*,
Defendants.

25-CV-1346 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Xavier Joseph Nampiaparampil, proceeding pro se, brings this action against the New York City Campaign Finance Board (the "Board" or "CFB"), the New York City Department of Sanitation Enforcement Division, the City of New York, and Joseph Gallagher, general counsel of the CFB (collectively, "Defendants"). (*See* ECF No. 1.) On June 1, 2026, the Court granted in part and denied in part Defendants' motion to dismiss Nampiaparampil's first amended complaint (the "FAC"). (ECF No. 50 ("MTD Op.").) Before the Court now is Defendants' motion for reconsideration (ECF No. 53) and Nampiaparampil's motion for leave to file a sur-reply (ECF No. 59). For the reasons discussed below, the motion for leave to file a sur-reply is granted and the motion for reconsideration is denied.

## I. Background

The Court presumes familiarity with the facts of the case, which are recounted at length in the Court's Opinion resolving the motion to dismiss. (*See generally* MTD Op.) Devi Nampiaparampil ("Devi"), Nampiaparampil's daughter, ran for New York City Public Advocate in the 2021 general election. (*Id.* at 1.) Nampiaparampil, who was not a staff member in Devi's campaign, sought to volunteer his skills in data analytics and political fundraising modeling in

support of the campaign. (*Id.* at 1-2.) However, the CFB capped personal contributions to Devi's campaign at $2,000 and, according to Nampiaparampil, subjected volunteer services appraised at their fair market value to that cap. (*Id.* at 2.) Because Nampiaparampil had already contributed $2,000 in funds, he could not volunteer for Devi's campaign without exceeding the limit. (*Id.*) Devi's campaign concluded on November 2, 2021, and the CFB subsequently initiated an audit of the campaign's finances. (*Id.* at 3.) Nampiaparampil was barred from assisting with the audit because Devi's campaign could no longer solicit funds or services from donors without risking violating campaign finance regulations and incurring penalties. (*Id.*)

Nampiaparampil commenced this action on February 14, 2025. (ECF No. 1.) In relevant part, Nampiaparampil asserted a First Amendment claim for Defendants' "enforcement of arbitrary spending caps, appraisal of volunteer work as 'in-kind contributions,' and ability to appraise the 'fair market value' of volunteer work." (ECF No. 4 ("FAC") ¶ 53.) Nampiaparampil also asserted claims under the First and Fourteenth Amendments challenging other assorted CFB conduct pertaining to Devi's campaign. (*Id.* ¶¶ 61-82.)

On June 1, 2026, the Court granted in part Defendants' motion to dismiss. The Court held that Nampiaparampil lacked standing on all but his First Amendment challenge to Defendants' campaign finance restrictions to the extent they limited his ability to donate money and services to Devi's campaign. (MTD Op. at 7-14.) The Court further held that Nampiaparampil's surviving claim is largely time-barred, given that Devi's campaign concluded in 2021 and Nampiaparampil did not commence this action until 2025. (*Id.* at 14.) However, because the FAC alleges that Nampiaparampil wanted to help with the post-campaign audit, the Court concluded that he had an interest in donating his services to Devi's campaign that continued even after the conclusion of the 2021 election, to the extent that the injury he suffered

is not barred by the three-year statute of limitations. (*Id.* at 14-15.) As to the merits of the surviving claim, the Court concluded that Defendants relied on case law holding that the CFB's public campaign financing campaign is constitutional. (*Id.* at 15-16.) Because the FAC did not make clear that Devi had opted for public funding, the Court declined to dismiss the FAC on those grounds. (*Id.* at 16-17.)

On June 22, 2026, Defendants filed a motion for reconsideration (ECF No. 53), alongside a supporting memorandum of law (ECF No. 54 ("Mem.")). Defendants argue that the Court should reconsider its decision to deny dismissal of the surviving claim because Supreme Court case law indicates that limits on individuals' direct campaign contributions do not violate the First Amendment, even when the campaign does not opt into public funding. (Mem. at 8-11.) On July 1, 2026, Nampiaparampil filed an opposition to the motion and requested "conforming relief" if the Court did reconsider its prior order at Defendants' request. (ECF No. 55 ("Opp.") at 1.) In that opposition, Nampiaparampil makes clear that his "surviving claim concerns Defendants' treatment of [his] uncompensated volunteer professional services, audit assistance, data work, and related support as if they were cash contributions subject to a dollar cap." (*Id.*)

The Court held a telephonic conference on July 8, 2026, at which Nampiaparampil again confirmed that his surviving claim concerns his ability to contribute his volunteer services to help with the audit of Devi's campaign. (ECF No. 57 at 4-5.) Defendants conceded that the case law they cited in their motion for reconsideration does not address limitations on volunteer services. (*Id.* at 4.) Defendants then proposed addressing this issue on reply (*id.* at 9) and filed a reply on July 17, 2026 (ECF No. 56 ("Reply")). Nampiaparampil then sought leave to file a sur-reply. (ECF No. 59 ("Sur-Reply").)

## II. Legal Standard

Defendants move for reconsideration pursuant to Federal Rule of Civil procedure 60(b) and Local Civil Rule 6.3. (ECF No. 53.) "Motions for reconsideration under either Rule 60(b) or Local Civil Rule 6.3 are held to a strict standard." *Barletta v. Superintendent, Elmira Corr. Facility*, No. 23-CV-06260, 2025 WL 2814715, at *1 (S.D.N.Y. Oct. 3, 2025) (quotation marks omitted), *certificate of appealability denied sub nom. Barletta v. McCarthy*, No. 25-2748, 2026 WL 1180733 (2d Cir. Feb. 25, 2026). "Rule 60(b) motions for reconsideration allow extraordinary judicial relief and thus should be granted only upon a showing of exceptional circumstances." *Bailey v. Interbay Funding, LLC*, No. 21-146, 2022 WL 852851, at *2 (2d Cir. Mar. 23, 2022) (summary order) (cleaned up). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Salveson v. JP Morgan Chase & Co.*, 663 F. App'x 71, 75 (2d Cir. 2016) (summary order) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Barletta*, 2025 WL 2814715, at *1 (quoting *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009)).

## III. Discussion

Defendants' memorandum of law, which argues that limits on individuals' direct campaign contributions are constitutional even when the campaign is not participating in a public financing program (Mem. at 8-11), does not address what has now been clarified to be Nampiaparampil's only remaining claim: whether Defendants violated his First Amendment rights when they barred him from volunteering his services to help Devi's campaign in the auditing process. Recognizing this, Defendants shift their argument on reply, arguing instead

that reconsideration is warranted because "[t]he CFB does not consider volunteered services to be campaign contributions, unless such volunteered services are not, in fact, actually volunteered." (Reply at 3.)

Section 3-702 of the New York City Administrative Code defines a contribution to not include "the value of services provided without compensation by individuals who volunteer a portion or all of their time on behalf of a candidate or political committee." N.Y.C. Admin. Code § 3-702(8)(c)(i). Defendants argue that § 3-702 renders Nampiaparampil's claim implausible, and they cite in further support the Campaign Finance Handbook, which provides that "[t]he services of campaign volunteers are not in-kind contributions as long as they are truly volunteering their own time and services." (Reply at 4-5 (quoting N.Y.C. Campaign Fin. Bd., *Campaign Finance Handbook: 2025 Election Cycle Version 2*, at p. 19 (June 2025), *available at* https://www.nyccfb.info/PDF/candidate_services/2025_Campaign_Finance_Handbook.pdf [https://perma.cc/WQ3R-WCP6]).) If there are any indicia that volunteered services are not *truly* volunteered, such services may be subject to the contribution limit. *See* 52 R.C.N.Y. § 6-02(c) (noting, for example, that candidates cannot accept professional services on a volunteer basis from those who previously provided paid services of a similar nature to the same candidate during the same election cycle). But Defendants argue that the FAC did not allege that Nampiaparampil's desired volunteerism would have fallen within this narrow exception, such that "a reasonable inference cannot be drawn that [Nampiaparampil] was unable to exercise his First Amendment rights because his volunteerism was prohibited by limits on individuals' contribution to his daughter's campaign." (Reply at 5-6.)

The Court grants Nampiaparampil's motion for leave to file a sur-reply because Defendants' reply raises the volunteerism argument for the first time. *See Sec. & Exch. Comm'n*

*v. Ripple Labs, Inc.*, No. 20-CV-10832, 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022) ("Courts grant leave to file sur-replies when they address arguments raised for the first time in a reply brief.").

The Court denies Defendants' motion for reconsideration. Nampiaparampil has alleged that he was in fact barred from contributing his volunteer services to help Devi's campaign in the auditing process. (FAC ¶ 29.) It may well be, as Defendants suggest, that the purported limitation was based only on Nampiaparampil's subjective belief and was not actually imposed by the CFB. (Reply at 6.) But it could instead be that, notwithstanding the language of § 3-702, officials at CFB still informed Devi's campaign or Nampiaparampil that Nampiaparampil could not help with the audit.[1] Whether or not Nampiaparampil was actually barred is a question of fact, and the Court cannot resolve that question at the motion-to-dismiss stage. *See, e.g.*, *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012) (drawing all reasonable inferences in favor of the plaintiff on a motion to dismiss); *Suvino v. Time Warner Cable, Inc.*, No. 16-CV-7046, 2017 WL 11569346, at *1 (S.D.N.Y. Nov. 6, 2017) (denying motion for reconsideration because "factual concerns . . . cannot be resolved at the motion to dismiss stage").

## IV. Conclusion

For the foregoing reasons, Nampiaparampil's motion for leave to file a sur-reply is GRANTED and Defendants' motion for reconsideration is DENIED.

The parties are directed to meet and confer on a proposed schedule for targeted discovery on the narrow issue of whether the CFB prohibited Nampiaparampil from contributing volunteer

[1] Because Defendants have not argued that such a limitation on volunteer hours would nonetheless still comport with the First Amendment, the Court takes no position on that question at this juncture.

services to Devi's campaign in the auditing process. The parties shall file a joint status letter on the proposed schedule within fourteen days of the date of this Order.

The Clerk of Court is directed to close the motions at Docket Numbers 53 and 59.

SO ORDERED.

Dated: August 12, 2026
New York, New York

J. PAUL OETKEN
United States District Judge